UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LUTZ SURGICAL PARTNERS PLLC,** *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> **AETNA, INC.,** *et al.*, <br><br> Defendants. | Civil Action No. 15-2595 (ZNQ) <br><br> MEMORANDUM OPINION |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court upon Defendants Aetna Life Insurance Company and Aetna Health Inc.'s ("Defendants") motion to file amended counterclaims. (Docket Entry No. 210). Plaintiff Lutz Surgical Partners PLLC ("Plaintiff") opposes Defendants' motion. (Docket Entry No. 213). The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Defendants' motion. The Court considers Defendants' motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Defendants' motion to file amended counterclaims is GRANTED.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

The factual background of this dispute is explained in the Court's Opinion dated June 21, 2021, (Docket Entry No. 202), which the Court incorporates by reference. The relevant procedural history is summarized as follows: Plaintiff filed the instant action on October 24, 2014, against Defendants asserting a claim under the Employee Retirement Income Security Act of 1974 ("ERISA") § 1132(a)(1)(B) (or Section 502(a)(1)(B)) based on Defendants' alleged failure to pay benefits due under Defendants' health insurance plans (Count I), and a claim for equitable and

1

injunctive relief under ERISA § 1132(a)(3) (or Section 502(a)(3)) to remedy Defendants' alleged violations of their ERISA fiduciary duties (Count II).  (Docket Entry No. 1).

On December 7, 2015, Defendants filed a Counterclaim, asserting counterclaims for setoff as against the overpayments it allegedly made to Plaintiff (Count I), money had and received to recover the alleged overpayments (Count II), and accounting of all the alleged overpayments if the Court finds Plaintiff is entitled to any monetary relief (Count III).  (Docket Entry No. 86).

On July 1, 2020, Plaintiff filed a Motion for Summary Judgment.  (Docket Entry No. 179). On September 30, 2020, Defendants filed a Cross Motion for Summary Judgment.  (Docket Entry No. 183).  On December 18, 2020, Plaintiff filed a brief in further support of its motion.  (Docket Entry No. 190).  On March 19, 2021, Defendants filed a brief in further support of the Cross Motion for Summary Judgment.  (Docket Entry No. 196).  On June 21, 2021, the District Court filed an Opinion addressing the Summary Judgment Motions.  (Docket Entry No. 202).  The District Court granted summary judgment for Plaintiff on all three of Defendants' Counterclaims and allowed Defendants to file a motion for leave to amend their counterclaims within twenty-one (21) days of the date of the Opinion.  (Docket Entry No. 203).

On July 9, 2021, this Court granted Defendants' request for a thirty (30) day extension of the deadline for Defendants to file a motion for leave to amend the counterclaims. (Docket Entry No. 208).  Defendants filed their First Motion for Leave to file Amended Counterclaims on August 11, 2021.  (Docket Entry No. 210).  Plaintiff filed an Opposition to the First Motion for Leave to File Amended Counterclaims on September 3, 2021.  (Docket Entry No. 213).  Defendants filed the Reply Brief to the Opposition on September 27, 2021. (Docket Entry No.215).

## II.     THE PARTIES' ARGUMENTS

### A. Defendants' Motion to Amend the Counterclaims

Defendants seek to amend their Counterclaims "(1) to restate counterclaims as claims for appropriate equitable relief under Section 502(a)(3) of ERISA and (2) to assert common law claims as to non-ERISA Plans." (Defs.' Br. in Supp. of Mot. at 5).

Defendants note that this Motion is not made in bad faith or with undue delay because their request to amend the counterclaims comes after the District Court explicitly allowed Defendants to file a motion for leave to amend the counterclaim. In its June 21, 2021, Opinion addressing the parties' cross motions for summary judgment, the District Court permitted Aetna Life Insurance Company and the newly added Defendant, Aetna Health, to file a motion for leave to amend the Counterclaim. (Docket Entry No. 202 at pp. 50-51). Defendants further note that the District Court also "permitted Plaintiffs to proceed on a new, unpled theory of assignment of benefits that Plaintiffs raised for the first time in their reply brief in support of their motion for summary judgment." (Defs.' Br. in Supp. of Mot at 5). Additionally, Defendants argue that Plaintiff will not be prejudiced because "the factual predicates, equitable theories, and request for equitable relief is unaltered from [Defendants'] original counterclaim." (*Id.* at 9). In support of their argument, Defendants claim Plaintiff has had nearly six-years' worth of notice based on Defendants' original counterclaims and Plaintiff should have no need to conduct additional discovery because there are no new facts or theories. (*Id.* at 9-10).

Second, Defendants argue that the amended counterclaims with respect to the non-ERISA Plans are viable because there are over $54,000 in overpayments to Plaintiff in connection with Aetna members whose "Plan A" plans were not subject to ERISA. Defendants contend that,

3

therefore, the District Court's preemption holding could not apply to those overpayments. (*Id.* at 12).

Lastly, for "clarity," Defendants have requested "that this Court deem Aetna Health to have answered the Complaint in accordance with the Answer and Defenses at ECF Nos. 84 and 86." (*Id.*)

### B. Plaintiff's Opposition

In opposition to the motion at issue, Plaintiff claims that this motion will cause undue prejudice. (Pl. Br. in Opp. of Mot.). First, Plaintiff argues that this motion "will unnecessarily require Plaintiff to spend time and resources responding to new Aetna discovery demands that could have been much more efficiently addressed during the parties' active fact and deposition discovery—and at minimum that Aetna was required to pursue before the close of fact discovery in January 2020." (*Id.* at 13). Second, Plaintiff claims that the motion will require it "to spend time and resources seeking new discovery from Aetna regarding the Proposed ERISA Counterclaim." (*Id.*) Third, Plaintiff claims that the passage of time itself "would make it more difficult for Plaintiff to obtain effective discovery" on the issues that may arise now "than it would have been during the prior discovery periods." (*Id.* at 14). Lastly, Plaintiff argues that the timing of the proposed counterclaims is prejudicial because it "has prevailed on the main issue in the case, as the District Court held that Aetna's cross-plan offsetting violates ERISA," (*Id.*), and "Plaintiff would be highly prejudiced if forced to defend against the proposed Counterclaims, including claims that Aetna chose not to assert at any time prior to the Court's summary judgment decisions." (*Id.* at 15).

Additionally, Plaintiff contends that the Motion should be denied because the proposed amendment is futile. (*Id.*) On this point, Plaintiff first claims that the proposed counterclaims do

4

"not identify any provisions of ERISA or any plan term that Lutz allegedly violated," which Plaintiff asserts is required by Section 502(A)(3). (*Id.* at 17). Second, Plaintiff argues that Defendants' "proposed amendment is also futile because it depends on an implausible reading of the Contracts." (*Id.* at 18). Specifically, Plaintiff alleges that Defendants rely on a "misread" of the Physician Group Agreement ("PGA") because the PGA does not direct Plaintiff to comply with the terms of "a separate agreement like the [Network Rental Agreement ("NRA")]." (*Id.* at 19). Finally, Plaintiff claims that the PGA contains a mandatory dispute resolution procedure which Defendants failed to exhaust "prior to asserting the Proposed Counterclaims under ERISA and state law." (*Id.*)

Lastly, Plaintiff argues that Defendants do not cite to any court decisions that have "allowed plan administrator to pursue under Section 502(a)(3) any of the forms of relief that Aetna identifies in its Proposed ERISA Counterclaim." (*Id.* at 20).

### C. Defendants' Reply

First, Defendants note that after the District Court determined that Defendants' claims were pre-empted by ERISA, Defendants acted "at the Court's invitation," and filed for leave to amend the counterclaims. (Defs. Reply Br. at 5). Defendants argue that the proposed amendment is timely and made in good faith because the District Court's summary judgment decision left unresolved issues that require the completion of substantial work before further dispositive briefing and any potential trial. (*Id.* at 4).

Defendants also present three reasons why there will be no prejudice to Plaintiff. First, Defendants argue that discovery is already being reopened on certain issues in this matter. (*Id.* at 6). Second, Defendants contend that no new facts or theories are presented in the Amended Counterclaims because Defendants have sought equitable relief since the commencement of this

action and continue to do so in the motion at issue. (*Id.* at 6). Lastly, Defendants argue that the Amended Counterclaims exceed Rule 8 pleading standards because Defendants allege specific factual bases for ERISA and state law counterclaims. (*Id.* at 7-8). Defendants go on to articulate that despite resistance from Plaintiff regarding their obligation to comply with the NRA, the District Court is not to decide to what extent Plaintiff is bound by the agreements and is instead to accept the allegations as true. (*Id.* at 9).

Moreover, Defendants assert that the mandatory dispute resolution procedure is not intended for recovering debt. (*Id.* at 9-10). Defendants, therefore, contend that the mandatory dispute resolution procedure is not relevant to the futility determination. (*Id.* at 9-10).

Finally, Defendants state that they do "not seek to have any member pay out-of-pocket for medical expenses under any subrogation theory to reimburse" Defendants. (*Id.* at 12). Instead, the newly proposed ERISA counterclaim is against Plaintiff for equitable relief to offset overpayment by Defendants to Plaintiff against any recovery by Plaintiff. (*Id.*)

### III. ANALYSIS

#### A. Standard of Review

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182; *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2002). However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v.*

*Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  "[F]utility is implicated when the amendment fails to cure a deficiency in the original complaint or fails to state a claim on which relief can be granted." *K.K-M v. New Jersey Dep't of Educ.*, No. CV1711579RBKKMW, 2020 WL 6817506, at *7 (D.N.J. Nov. 20, 2020) (citing *Jablonski v. Pan American World Airways*, Inc., 863 F.2d 289, 292 (3rd Cir.1988)).  "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is

7

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)).  Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B. Discussion

Plaintiff argues that Defendants acted with undue delay in seeking leave to amend their counterclaims because Defendants allegedly "had ample opportunities to seek to amend during the long life of this case, but chose not to." (Pl. Br. in Opp. of Mot. at 9).  Delay alone, however, does not justify denying a motion to amend.  *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate.  *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984). Likewise, "[s]imply failing to add a claim a party had prior knowledge of does not alone amount to bad faith." *Zelma v. Choice Energy, LLC*, No. CV 19- 17535 (CCC), 2020 WL 5201341, at *2 (D.N.J. Sept. 1, 2020).

Here, Defendants filed the Motion for Leave to File Amended Counterclaims at the invitation of the District Court.  "[C]ourts within the Third Circuit typically dismiss the preempted state law claims and grant leave to amend the complaint to plead ERISA claims, so as to provide [the non-moving party] with proper notice of the nature of these claims." *Chang v. Prudential Ins. Co. of Am.*, No. 16-CV-3351, 2017 WL 402980, at *3 (D.N.J. Jan. 30, 2017).  Defendants' decision

8

to comport with the District Court's instruction, therefore, cannot be interpreted as an act of undue delay or bad faith.

Plaintiff also contends that allowing the amendment of the counterclaims after the close of discovery will be prejudicial because it requires Plaintiff to expend time and resources exchanging new discovery arising from the Proposed Counterclaims. To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400.

Defendants, however, note that the substance of the counterclaims have remained unchanged. Defendants continue, through their amendments, to pursue equitable relief in the form of offsets to overpayment by Defendants against any recovery Plaintiff may be entitled to. As such, the proposed amendment does not require Plaintiff to expend significant additional resources to conduct discovery. The Court finds that permitting Defendants to amend their counterclaims, given their nature, would not result in significant additional expenses or delay. Plaintiff has failed to demonstrate otherwise.

Similarly, Plaintiff alleges that the proposed ERISA counterclaim is futile because the proposed amendment fails as matter of law. Unless a proposed amendment is "clearly futile . . . denial of leave to amend is improper." *Morton Intern., Inc. v. A. E. Staley Mfg. Co.*, 106 F.Supp.2d 737, 745 (D.N.J. 2000). As noted above, the proposed claim for equitable relief remains substantially unchanged from the original counterclaims, thus, it is not apparent that Defendant's proposed amendments are "clearly futile." *Morton Intern., Inc. v. A. E. Staley Mfg. Co.*, 106 F.Supp.2d 737, 745 (D.N.J. 2000).

9

Defendants filed their motion to amend in accordance with the Court's Opinion from June 21, 2021. The Court finds that there was no undue delay, bad faith, or dilatory motive by Defendants. Likewise, the Court finds that is no evidence that the proposed amendments are "clearly futile."

**III.    Conclusion**

For the reasons set forth above, Defendants' Motion to Amend is GRANTED. An appropriate Order follows.

Dated:  December 3, 2021

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**
